IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO T.H., | Civil No. 1:26-cv-03179-MWJS |
| Petitioner, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | |
| | A# 205-532-272 |
| WARDEN OF THE CENTRAL VALLEY ANNEX, *et al.*, | |
| Respondents. | |

## **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Alfredo T.H.[1] petitions for a writ of habeas corpus under 28 U.S.C.

§ 2241.  He notes that after he entered the United States in March 2024, he was detained

by immigration authorities, placed into removal proceedings, and subsequently

released on his own recognizance and placed into ICE's "Alternatives to Detention"

(ATD) program.  Dkt. No. 10-2.  While on release, Petitioner has been required to abide

by a number of restrictive conditions, including GPS monitoring as a component of the

ATD program.  *See id.*; Dkt. No. 10-4.  And until February 2026, it appears that

Petitioner satisfactorily complied with all of his release conditions.

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

But Respondents allege that on eight occasions in February and March 2026, Petitioner violated the conditions of his release.  All of these violations, with labels such as "Tracker Low Battery," "Tracker Still Missed Call," and "Tracker Missed Callback," appear linked to the GPS monitoring requirement.  *See* Dkt. No. 10-5.  According to Petitioner, there was a straightforward reason for these apparent violations:  he had been "having technical issues with the GPS monitor" and believed "it may have been defective"—concerns which he communicated to his ICE supervisors.  Dkt. No. 1, at pg. 2.

So when ICE called him into their field office to address the issues with the GPS monitor on March 21, 2026—six days after the most recent alleged violation—Petitioner duly appeared as requested.  When he did so, he was arrested and detained by immigration authorities without any notice or process.  He has been in immigration detention ever since.  And just as the government gave him no prior opportunity to forestall his arrest and detention, it has given him no procedural opportunity to challenge his detention now that he is in custody.  Petitioner thus invokes this court's habeas jurisdiction, contending that his arrest and detention, without any pre-deprivation process, violated his constitutional due process rights.

After appointed counsel moved for a Preliminary Injunction in this case, Dkt. No. 8, the court informed the parties of its intention to rule directly on the Petition and ordered Respondents to show cause whether any factual or legal issues distinguished

this case from cases such as *Vikrant S. v. Warden of the Golden State Annex Det. Facility*, No. 1:26-cv-02780-MWJS, 2026 WL 1235115 (E.D. Cal. May 5, 2026); *John M.Z. v. Noem*, No. 1:26-cv-02925-MWJS, 2026 WL 1125790 (E.D. Cal. Apr. 23, 2026); and *Yon Kervis U. v. Chestnut*, No. 1:25-cv-2066, 2026 WL 88983 (E.D. Cal. Jan. 12, 2026).  Dkt. No. 9.  In their opposition to the Motion for Preliminary Injunction and Petition, Respondents contend that this case is distinguishable from those referenced in the court's Order to Show Cause "because here, it is documented that Petitioner was detained for violating his conditions of release and further because Petitioner has been ordered removed, which was not the circumstance in the cited cases."  Dkt. No. 10, at pg. 3.

But this court and many others have rejected this argument in similar cases. *See, e.g., Guzman Colque v. Warden, Cal. City Detention Ctr.*, No. 1:26-cv-03281, 2026 WL 1275279 (E.D. Cal. May 8, 2026); *Lopez Lopez v. Noem*, No. 1:26-cv-01359, 2026 WL 1108162 (E.D. Cal. Apr. 23, 2026); *Oliva Funez v. Chestnut*, No. 1:26-cv-01845, 2026 WL 972548 (E.D. Cal. Apr. 10, 2026), *report and recommendation adopted*, 2026 WL 1125781 (E.D. Cal. Apr. 24, 2026).  The court has considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.

When the government released Petitioner on his own recognizance, it assessed that he was neither a flight risk nor a danger to the community.  It has offered no persuasive reason to reach a different conclusion today.  To this day, Petitioner has no

3

criminal history.  And although an Immigration Judge has entered an order of removal against Petitioner during his current detention, he has appealed that decision to the Board of Immigration Appeals.  Petitioner therefore was not subject to a removal order at the time of his re-detention, and due to his pending appeal, there remains no final order of removal against him.

That is not to say that in certain situations, evidence that a petitioner has violated release conditions could not support an argument that changed circumstances required re-detention without pre-deprivation process.  But nothing in the record suggests that is the case here.  And on the record before it, the court cannot conclude that the alleged violations—which Petitioner disputes were violations at all—were part of an effort by Petitioner to hide from immigration authorities or abscond from supervision.  Moreover, when ICE called Petitioner in to address the violations, he voluntarily appeared.  To the extent Respondents wish to assert that these alleged violations demonstrate a heightened risk of flight and therefore constitute changed circumstances sufficient to justify Petitioner's re-detention without pre-deprivation process, the current record does not support that conclusion.[2]

---

[2]     Respondents also note that because "Petitioner's removal order is not yet administratively final," he is not subject to mandatory detention under 8 U.S.C. § 1231, but they argue that he is nonetheless subject to mandatory detention as an "applicant for admission" under 8 U.S.C. § 1225(b).  Dkt. No. 10, at pg. 2.  This court has rejected that argument in many other cases, including those cited in this order.  *See also, e.g.,* *Ganjanov v. Warden*, No. 1:26-cv-02946, 2026 WL 1131016 (E.D. Cal. Apr. 27, 2026).  For the reasons stated in those decisions, the court rejects that argument again here.

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus (Dkt. No. 1) is GRANTED as to Count One, for the reasons stated in those prior orders. Because it is unnecessary to resolve the remaining counts in the petition, the court declines to do so.

Respondents are ORDERED to immediately release Petitioner Alfred T.H. (A# 205-532-272) from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of

---

The court also finds Respondents' argument that the removal order should affect the court's analysis of Petitioner's re-detention unpersuasive. As Petitioner was not subject to any order of removal at the time of his re-detention, it could not have justified his re-detention without process.

removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.  This order resolves all pending motions.

IT IS SO ORDERED.

DATED:  May 22, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

---

Civil No. 1:26-03179-MWJS; *Alfred T.H. v. Warden of the Central Valley Annex,* et al.;
ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS